## THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANTONIO TURCO, PLAINTIFF IN ERROR.

Argued June 8, 1922—Decided October 6, 1922.

1. Upon the trial of an indictment charging that the defendant did willfully, feloniously and of his malice aforethought, kill and murder the deceased, our statute (*Pamph. L.* 1917, *p.* 801), requiring the jury, if they find any person guilty of murder, to "designate by their verdict whether it be murder in the first degree or in the second degree," is imperative, and no judgment can be rendered upon a verdict of "guilty" which does not designate the degree. And if the jury be discharged and judgment pronounced without the insufficient verdict being amended by the jury by adding the intended degree the judgment will be reversed and a new trial awarded.
2. Unless a homicide is committed in perpetrating or attempting to perpetrate a robbery (or one of the felonies named in the statute) the killing must have been not only willful, but also deliberate and premeditated, in order to render it murder in the first degree.

On writ of error to the Court of Oyer and Terminer of Sussex county.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Peter J. McGinnis* (*Ward & McGinnis, William A. Dolan, Egbert Rosecrans* and *Mark Wolf,* on the brief).

For the state, *Lewis Van Blarcom* and *Michael Dunn* (*Theodore E. Dennis* and *Sylvester S. Smith, Jr.,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. Antonio Turco, together with others, was indicted in Sussex county for the murder of one Albert Koster. Turco had a separate trial.

At the trial the jury returned a verdict of "guilty" (without designating the degree), and without more the jury was discharged.

The defendant then moved in arrest of judgment on the ground that the verdict was insufficient because it did not designate the degree.

That motion was overruled, and thereupon the court pronounced judgment of death against the defendant.

We are constrained to think that the verdict is insufficient to legally support the judgment, and that the judgment must therefore be reversed and a new trial awarded.

The indictment charged that the defendant did willfully, feloniously and of his malice aforethought, kill and murder the deceased, and was, therefore, in exact accordance with section 36 of our Criminal Procedure act (*Comp. Stat., p.* 1832), declaring that "it shall be sufficient in every indictment for murder to charge that the defendant did willfully, feloniously and of his malice aforethought, kill and murder the deceased."

Such an indictment is an indictment "for the crime of murder without regard to the degree." *Graves* v. *State,* 45 *N. J. L.* 347.

Now, section 107 of our Crimes act (*Pamph. L.* 1917, *p.* 801) provides that "murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in perpetrating, or attempting to perpetrate, any arson, burglary, rape, robbery or sodomy, shall be murder in the first degree, and all other kinds of murder shall be murder in the second degree; *and the jury before whom any person indicted for murder shall be tried shall, if they find such person guilty thereof, designate by their verdict whether it be murder in the first degree or in the second degree;* and in no case shall the plea of guilty be received upon any indictment for murder; and if, upon arraignment, such plea of guilty shall be offered, it shall be disregarded, and the plea of not guilty entered, and a jury, duly empaneled, shall try the case in the manner aforesaid; *provided,* nothing herein contained shall prevent the accused from pleading *non vult* or *nolo contendere* to such indictment; the sentence to be imposed, if such plea be accepted, shall be either imprison-

ment at hard labor for life or the same as that imposed upon a conviction of murder in the second degree."

Under that statute, as was said in *Graves* v. *State, supra,* according as the defendant "shall or shall not be proved to have committed the crime of murder, he will be convicted or acquitted, and if convicted, according as it shall be proved that he committed it under circumstances which characterize the one degree or the other, so it will be found or adjudged with a view to his punishment." The jury before whom the trial is had, if they find the defendant guilty, are required to find this fact, and to *designate by their verdict* whether it be murder in the first degree or in the second degree. It is therefore apparent, from the plain and imperative provisions of the statute, that a verdict (such as the present) which fails to designate the degree of murder of which the jury find the defendant guilty, is so fatally defective that no judgment can be legally pronounced thereon. It follows, of course, that if (as here) the jury be discharged and judgment pronounced without such verdict being amended by the jury by adding the intended degree, the judgment must be reversed and a new trial awarded. That interpretation of the statute not only accords with its plain and positive language, but it is supported by a long train of decisions in other states having statutes the provisions of which are similar to our own. The cases are collected in 13 *R. C. L.* 782, and *Whart. Hom.,* § 652.

The argument of the state that the judgment of death was justified rests upon the contention that the verdict of "guilty" is tantamount to conviction of first degree, because the judge instructed the jury that under the law and the evidence the defendant was either guilty of murder in the first degree or of no offence at all. But that argument ignores the rule that, in determining whether the verdict is sufficient in the specification of the degree of the offence charged, its finding must be considered in connection with the charge in the indictment (which in the present case would support a verdict for both degrees of the crime) and with the statutory requirements. As we have seen section 107 of the Crimes act requires the jury, if they find the defendant guilty, to desig-

nate by their verdict whether it be murder in the first degree or in the second degree, and that statute is imperative. It further provides that no plea of guilty shall be received. It also provides, in effect, that punishment of death shall not be inflicted upon a plea of *non vult* or *nolo contendere.* And section 108 (*Pamph. L.* 1919, *p.* 303) declares that every person convicted of murder in the first degree, his aiders, abettors, counsellors and procurers, shall suffer death unless the jury shall by their verdict, and as a part thereof, upon and after consideration of all the evidence, recommend imprisonment at hard labor for life, in which case this and no greater punishment shall be imposed; and that every person convicted of murder in the second degree shall suffer imprisonment at hard labor not exceeding thirty years. It is therefore quite certain that, upon such an indictment as that in the present case, under our statutes, the death penalty cannot be imposed by the court in the absence of a finding by the jury of guilt and designated by their verdict as murder in the first degree.

Since there must be a new trial, we call attention to what seems to have been an inadvertence in the charge.

The learned trial judge instructed the jury that under the law and the evidence the defendant must be convicted of murder in the first degree or acquitted, and that, of course, was right, if the evidence conclusively showed that, if guilty at all, he was guilty of a murder committed in perpetrating, or attempting to perpetrate, a robbery. *State* v. *Zeller,* 77 *N. J. L.* 619. But the judge seems to have further charged, in effect, that if the defendant fired the shot which killed decedent, he was guilty of murder in the first degree, even though it was not done while perpetrating, or attempting to perpetrate, a robbery. Such an instruction overlooks the rule that, unless the homicide was committed in perpetrating, or attempting to perpetrate, robbery (or one of the felonies named in the statute), the killing must have been not only willful, but also deliberate and premeditated, in order to render it murder in the first degree. *State* v. *Deliso,* 75 *Id.* 808.

For the reason first stated the judgment below must be reversed and a *venire de novo* awarded.